UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY OERMANN,

       Plaintiff,

-vs-

Case No. _____

Hon: _____

WEST EDUCATIONAL LEASING, INC.
d/b/a PROFESSIONAL CONTRACT
MANAGEMENT, INC. and OXFORD COMMUNITY
SCHOOLS,

       Defendants.

_____/

The Cortese Law Firm, PLC
Attorneys for Plaintiff Jerry Oermann
By: Nanette L. Cortese (43049)
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 593-6933

## **PLAINTIFF JERRY OREMANN'S COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff JERRY OERMANN, by and through his attorneys, THE CORTESE LAW FIRM, PLC, and for this his Complaint against Defendants states as follows:

1. Plaintiff, Jerry Oermann is a resident in the City of Troy, located in the Southeastern District of Michigan.

2. Defendant West Educational Leasing, Inc. d/b/a Professional Contract Management, Inc., is a Michigan corporation with a principal place of business in Portland, Michigan.

1

3.      Defendant Oxford Community Schools ("Oxford") is a duly organized school district in the State of Michigan, which operates public schools in the Oxford area in Oakland County, Michigan.

4.      The events producing the original injury occurred in Oakland County, in the Eastern District of Michigan, Southern Division.

5.      Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b) and (c).

6.      The amount in controversy exceeds $75,000.00 and is otherwise within the jurisdiction of this Court.

## I.      GENERAL ALLEGATIONS

7.      Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

8.      Plaintiff Doctor Jerry Oermann was the Director of Special Education for Oxford Community Schools.

9.      Plaintiff Jerry Oermann was employed by Defendant West Educational Leasing pursuant to a contract.

10.     Plaintiff Jerry Oermann was also employed by Oxford Community Schools.

11.     Dr. Jerry Oermann had previously worked as the Director for Special Education for Oxford Community Schools, had retired from Oxford Community Schools, was hired by West Educational Leasing and was placed back into the same position as Director for Special Education for Oxford Community Schools, carrying out the same functions and job duties.

12.     In or about early 2008, Dr. Jerry Oermann was diagnosed with cancer. When Dr. Jerry Oermann informed his employers, West Educational Leasing and/or Oxford Community

Schools of his cancer diagnosis, he was shortly thereafter informed that his contract would not be renewed.

13. When Dr. Jerry Oermann informed West Educational Leasing and the Oxford Community Schools that he had been diagnosed with cancer, he also informed them that he would be needing to take time for medical treatment, which would be covered by the Family Medical Leave Act.

14. Dr. Jerry Oermann's contract to act as the Superintendent for Special Education for Oxford Community Schools was not renewed for the school year beginning September, 2008, and Dr. Jerry Oermann's employment with West Educational Leasing and/or Oxford Community Schools ended with the 2007-2008 school year.

15. Dr. Jerry Oermann's employment was terminated under circumstances giving rise to an inference that it was based upon his disability, perceived disability and/or request to be able to take time off for medical treatment under the Family Medical Leave Act.

16. The circumstances giving rise to the inference that Dr. Jerry Oermann's employment was terminated because of, in whole or in part, his disability, his perceived disability and/or need for medical treatment was based upon the fact that Dr. Jerry Oermann was informed that Oxford Community Schools was ending his contract, after he informed them of his medical condition, because they were seeking to eliminate contract employees and replace them with regular employees. However, other administrative employees of Oxford Community Schools continued to operate under contracts and did not have their contracts and employment terminated.

17. Dr. Jerry Oermann was issued a Notice of Right to Sue on September 29, 2009 and has filed the instant lawsuit within 90 days.

3

## COUNT I- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

18.     Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

19.     Defendants are "employers" as defined in the Americans with Disabilities Act of 1990.

20.     Due to his diagnosis of cancer, Plaintiff was a "person with a disability" and was perceived and regarded by Defendants as a "person with a disability" as defined in the Americans with Disabilities Act of 1990.

21.     As a result of his disability, Plaintiff had, and Defendants regarded Plaintiff as having, a determinable physical or mental characteristic that substantially limited one of more of Plaintiff's major life activities.

22.     Plaintiff was able to perform his job duties with Defendants with the requested accommodation that he allowed to take time for treatment of his cancer.

23.     Plaintiff Dr. Jerry Oermann had, in all respects, been satisfactorily performing his job with Defendants prior to his diagnosis of cancer and informing Defendants of said diagnosis.

24.     The circumstances concerning the termination of Plaintiff's employment by Defendants, when Defendants declined to renew Plaintiff's employment contract for September, 2008, and ended his employment with Defendants at the end of the 2007-2008 school year, give rise to the reasonable inference that Defendants terminated Plaintiff, in whole or in part because of his disability and/or perceived disability.

25.     These circumstances include, but are not necessarily limited to the facts that Plaintiff had been satisfactorily performing his job functions for a period of years, first as a direct

employee of Oxford Community Schools, and then under contract with West Educational Leasing.

26. Further Plaintiff was not told that the termination of his employment was based upon any job performance issues.

27. Plaintiff was informed that the ostensible reason for the termination of his employment was the desire by Oxford Community Schools to eliminate contract employees and to return to regular employees. This asserted reason is pertexual in that Oxford Community Schools kept other, similarly situated employees, who are not disabled or perceived to have a disability, on a contract basis.

28. Defendants' termination of Plaintiff's employment as a result of his actual or perceived disability was in violation of the Americans with Disabilities Act with 1990.

29. As a result of the termination of his employment by Defendants, Plaintiff had sustained damages including, but not necessarily limited to, economic damages, loss of wages both to the present date and into the future, mental anguish, embarrassment, humiliation, anxiety, and emotional distress.

30. Defendants' conduct in violation of the Americans with Disabilities Act of 1990, entitles Plaintiff to exemplary and/or punitive damages.

31. Plaintiff has also incurred liability for court costs and attorneys fees.

WHEREFORE, Plaintiff Jerry Oermann respectfully requests this Honorable Court grant Judgment in his favor and against Defendants for all amounts and elements allowed under the Americans with Disabilities Civil Rights Act, including, but not necessarily limited to, incidential damages, consequential damages, loss of wages, both past and future, damages for emotional distress, exemplary damages, punitive damages, and costs, interest and attorneys fees.

## COUNT II- VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

32.     Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

33.     Defendants are "employers" as defined in the Michigan Persons with Disabilities Civil Rights Act, MCL §37.1101 et seq.

34.     Due to his diagnosis of cancer, Plaintiff was a "person with a disability" and was perceived and regarded by Defendants as a "person with a disability" as defined in the Michigan Persons with Disabilities Civil Rights Act.

35.     As a result of his disability, Plaintiff had, and Defendants regarded Plaintiff as having, a determinable physical or mental characteristic that substantially limited one of more of Plaintiff's major life activities.

36.     Plaintiff was able to perform his job duties with Defendants with the requested accommodation that he allowed to take time for treatment of his cancer.

37.     Plaintiff Dr. Jerry Oermann had, in all respects, been satisfactorily performing his job with Defendants prior to his diagnosis of cancer and informing Defendants of said diagnosis.

38.     The circumstances concerning the termination of Plaintiff's employment by Defendants, when Defendants declined to renew Plaintiff's employment contract for September, 2008, and ended his employment with Defendants at the end of the 2007-2008 school year, give rise to the reasonable inference that Defendants terminated Plaintiff, in whole or in part because of his disability and/or perceived disability.

39.     These circumstances include, but are not necessarily limited to the facts that Plaintiff had been satisfactorily performing his job functions for a period of years, first as a direct

employee of Oxford Community Schools, and then under contract with West Educational Leasing.

40. Further Plaintiff was not told that the termination of his employment was based upon any job performance issues.

41. Plaintiff was informed that the ostensible reason for the termination of his employment was the desire by Oxford Community Schools to eliminate contract employees and to return to regular employees. This asserted reason is pertexual in that Oxford Community Schools kept other, similarly situated employees, who are not disabled or perceived to have a disability, on a contract basis.

42. Defendants' termination of Plaintiff's employment as a result of his actual or perceived disability was in violation of the Michigan Persons with Disabilities Civil Rights Act.

43. As a result of the termination of his employment by Defendants, Plaintiff has sustained damages including, but not necessarily limited to, economic damages, loss of wages both to the present date and into the future, mental anguish, embarrassment, humiliation, anxiety, and emotional distress.

44. Defendants' conduct in violation of the Michigan Persons with Disabilities Civil Rights Act, entitles Plaintiff to exemplary and/or punitive damages.

45. Plaintiff has also incurred liability for court costs and attorneys fees.

WHEREFORE, Plaintiff Jerry Oermann respectfully requests this Honorable Court grant Judgment in his favor and against Defendants for all amounts and elements allowed under the Michigan Persons with Disabilities Civil Rights Act, including, but not necessarily limited to, incidential damages, consequential damages, loss of wages, both past and future, damages for emotional distress, exemplary damages, punitive damages, and costs, interest and attorneys fees.

## II.       VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

46.     Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

47.     Defendants are employers as defined under the Family Medical Leave Act of 1993.

48.     Plaintiff, Dr. Jerry Oermann, was an eligible employee under the Family Medical Leave Act of 1993.

49.     Plaintiff, Dr. Jerry Oermann, had a serious health condition which was an illness which required either in-patient care and/or continuing treatment by a health care provider, including a period of incapacity lasting more than three consecutive full calendar days, and a subsequent period of treatment or incapacity that also included treatment two or more times under the supervision of a health care provider and/or a continuing regimen of treatment prescribed by a health care provider.

50.     Plaintiff Jerry Oermann provided notice to Defendants that he would be required to take time off work on a medical leave basis to pursue treatment for his cancer.

51.     Shortly after Plaintiff Jerry Oermann informed Defendants that he was required to take time off for medical treatment of his cancer, he was informed that his contract for employment would be expiring in June, 2008, and would not be renewed for the 2008-2009 school year, beginning in September, 2008.

52.     The actions by Defendants in declining to renew Dr. Jerry Oermann's contract of employment, resulting in the termination of his employment by Defendants constituted discrimination on the part of Defendants against Jerry Oermann for his request to be provided with a medical leave and was in violation of the Family Medical Leave Act.

53. The Family Medical Leave Act provides that any employer who violates the Act shall be liable to an eligible employee for damages, interest, and an additional amount as liquidated damages.

54. The actions by Defendants in terminating the employment of Dr. Jerry Oermann were under circumstances giving rise to the reasonable inference that such termination was based, in whole or in part, upon Dr. Jerry Oermann providing notification to Defendants that he would need to take a covered medical leave to obtain treatment for his cancer, under the Family Medical Leave Act.

55. These circumstances include, but are not necessarily limited to the facts that Plaintiff had been satisfactorily performing his job functions for a period of years, first as a direct employee of Oxford Community Schools, and then under contract with West Educational Leasing.

56. Further Plaintiff was not told that the termination of his employment was based upon any job performance issues.

57. Plaintiff was informed that the ostensible reason for the termination of his employment was the desire by Oxford Community Schools to eliminate contract employees and to return to regular employees. This asserted reason is pertexual in that Oxford Community Schools kept other, similarly situated employees, who are not disabled or perceived to have a disability, on a contract basis.

58. Defendants' termination of Plaintiff's employment constituted either on interference with Plaintiff's right under the Family Medical Leave Act and/or retaliation under the Family Medical Leave Act and the termination of Plaintiff's employment by Defendants violated the Family Medical Leave Act.

59.     As a result of Defendants' violation of the Family Medical Leave Act, Plaintiff Jerry Oermann has sustained damages, including but not necessarily limited to, loss of wages, costs and attorneys fees.  Further, Plaintiff Jerry Oermann is entitled to liquidated damages as provided under the Family Medical Leave Act.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in his favor and award to him all damages allowed under the Family Leave Act, including, but not necessarily limited to, lost wages, costs, interest, attorney fees, and liquidated damages.

/s/ Nanette L. Cortese

The Cortese Law Firm, PLC
Attorneys for Plaintiff
By: Nanette L. Cortese (43049)
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 593-6933

December 16, 2009